Carolyn J. Johnsen
Texas Bar No. 19844600
Arizona Bar No. 011894
William L. Novotny (admitted pro hac vice)
Arizona Bar No. 4239
Amanda E. Newman
Arizona Bar No. 032462 (admitted in N.D. Tex.)
Kathryn E. Gasior
Arizona Bar No. 037062 (admitted in N.D. Tex.)
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
cjjohnsen@dickinsonwright.com
wnovotny@dickinsonwright.com
anewman@dickinsonwright.com
kgasior@dickinsonwright.com

*Counsel for the Trustee of the*
*Fresh Acquisitions Liquidating Trust*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re:

| | | |
|---|---|---|
| FRESH ACQUISITIONS, LLC, *et al.*, | § | Case No. 21-30721 (SGJ) |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |

---

DAVID GONZALES, TRUSTEE OF THE FRESH ACQUISITIONS LIQUIDATING TRUST,

Plaintiff — Adversary No. _______

v.

KANE RUSSELL COLEMAN LOGAN PC,

Defendant.

---

**COMPLAINT TO AVOID AND RECOVER TRANSFERS AND FRAUDULENT CONVEYANCES PURSUANT TO 11 U.S.C. §§ 544, 547, 548, AND 550, AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

David Gonzales, in his capacity as Liquidating Trustee ("**Trustee**") of the Fresh Acquisitions Liquidating Trust (the "**Trust**"), and successor in interest to the Debtors in the above-captioned chapter 11 cases (the "**Cases**"), by and through undersigned counsel, files this *Complaint to Avoid and Recover Transfers and Fraudulent Conveyances Pursuant to 11 U.S.C. §§ 544, 547, 548, and 550, and Disallow Claims Pursuant to 11 U.S.C. § 502(d)* (the "**Complaint**") against Kane Russell Coleman Logan PC ("**Defendant**"), and pursuant to 11 U.S.C. §§ 544, 547, 548, 550 and 502(d) and Rule 7001 of the Federal Rules of Bankruptcy Procedure states as follows:

## PARTIES, JURISDICTION AND VENUE

1. On April 20, 2021 (the "**Petition Date**"), each of the Debtors[1] filed Voluntary Petitions for relief under Chapter 11 of the Bankruptcy Code.

2. Since 2016, the Debtors were a significant operator of buffet-style and steakhouse restaurants with approximately 90 stores in multiple locations throughout the United States. However by the Petition Date, nearly all of the Debtors' restaurant operations had ceased – most stores closed in 2020 and never reopened. The Debtors continued to operate six stores located in California under the Tahoe Joe's Famous Steakhouse brand until October 8, 2021, when they were sold to BBQ Growth, LLC.

[1] The Debtors in these Chapter 11 cases ("Debtors") and the last four digits of each Debtor's Taxpayer Identification Number are as follows: Alamo Fresh Payroll, LLC (1590); Fresh Acquisitions, LLC (2795); Alamo Ovation, LLC (9002); Buffets LLC (2294); Hometown Buffet, Inc. (3002); Tahoe Joe's Inc. (7129); OCB Restaurant Company, LLC (7607); OCB Purchasing, Co. (7610); Ryan's Restaurant Group, LLC (7895); Fire Mountain Restaurants, LLC (8003); Food Management Partners, Inc. (7374); FMP SA Management Group, LLC (3031); FMP-Fresh Payroll, LLC (8962); FMP-Ovation Payroll, LLC (1728); and Alamo Buffets Payroll, LLC (0998).

3. The Trust was formed as of January 3, 2022, the Effective Date of *The Official Committee of Unsecured Creditors' First Amended Joint Chapter 11 Plan of Liquidation* filed on October 30, 2021 (the "**Plan**")[2] [Doc. No. 498]. The Plan was confirmed pursuant to the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming the Official Committee of Unsecured Creditors' First Amended Joint Chapter 11 Plan of Liquidation* entered on December 20, 2021 ("**Confirmation Order**") [Doc. No. 587].

4. The Plaintiff in this case is the Trustee of the Trust appointed pursuant to Paragraph C of the Confirmation Order and he is granted the authority to the implement the Plan.

5. On information and belief, the Defendant is a professional corporation with its principal place of business at 901 Main Street, Suite 5200, Dallas, Texas 75202.

6. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11 of the United States Code (the "**Bankruptcy Code**") and arises in and relates to a case under the Bankruptcy Code pending in the United States Bankruptcy Court for the Northern District of Texas, Case No. 21-30721 (SGJ), under 28 U.S.C. §§ 157(b)(2) & 1334.

7. This is a core proceeding under 28 U.S.C. § 157(b). Plaintiff consents to entry of a final judgment by this Court with respect to the allegations and matters presented herein.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 & 1409(a). This adversary proceeding is commenced pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 105(a) of Bankruptcy Code.

9. Pursuant to the Plan and Confirmation Order, this Court retained jurisdiction after the Effective Date: (a) as to all proceedings and other matters arising in or relating to

[2] Capitalized terms used but not defined herein have the meanings set forth in the Plan.

this Bankruptcy Case, including any adversary proceedings commenced after the Effective Date, and (b) in order to hear and determine any rights held by or accruing to the Trust pursuant to the Plan, this Bankruptcy Case, or any federal or state statute or legal theory.

10. The Debtors' estates were substantively consolidated as per Paragraphs 14 and F of the Confirmation Order.

11. The statutory predicates for the relief requested in this Complaint are 11 U.S.C. §§ 502, 544, 547, 548, and 550.

**<u>THE TRUSTEE'S AUTHORITY TO FILE THE COMPLAINT AND DUE DILIGENCE</u>**

12. In accordance with the terms of the Plan and the Confirmation Order, on the Effective Date, the Trustee was granted the rights and powers of a debtor in possession under Bankruptcy Code Section 1107 and such other powers, rights, and duties to effectuate the provisions of the Plan, including the obligation, power and authority to pursue Causes of Action as defined in the Plan. These provisions included the following:

> a. Confirmation Order paragraph 18: Article IX of the Plan appropriately provides for the vesting of the Liquidating Trust Assets in the Liquidating Trust pursuant to Sections 1141(b) and (c) of the Bankruptcy Code. The Plan appropriately provides for the preservation of the Causes of Action in accordance with Bankruptcy Code Section 1123(b)(3)(B). The Plan further provides that the Causes of Action shall vest in the Liquidating Trust on the Effective Date and that the Causes of Action are specifically and unequivocally reserved for the prosecution, enforcement, and pursuit by the Liquidating Trustee.
>
> b. Confirmation Order paragraph G: The Liquidating Trustee, on behalf of the Liquidating Trust, shall succeed to and have all power, authority, rights, privileges, and immunities previously held or asserted by the Debtors and their officers, managers, directors, members, and shareholders.
>
> c. Confirmation Order paragraph J: In accordance with Article IX of the Plan, all Causes of Action shall vest in the Liquidating Trust and are specifically and unequivocally preserved. In accordance with section 1123(b) of the Bankruptcy Code, the Liquidating Trustee shall retain and may enforce all of the Debtors' rights to commence and pursue any and all Causes of Action, whether arising before or after the Petition Date, including, without limitation, any actions specifically enumerated in the Disclosure Statement or any Plan Supplement, and the

> Liquidating Trustee's rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date . . . . The Liquidating Trust through its Liquidating Trustee shall have standing to bring and maintain any and all Causes of Action and to hire other professionals for same as deemed necessary and appropriate.
>
> …
>
> Avoidance Actions against the potential defendants described in the previous paragraph, Creditors, and other unrelated third parties who received a transfer (as defined in Section 101(54) of the Bankruptcy Code) that may be avoidable under Bankruptcy Code Sections 544, 547, 548, 550 and 553 are specifically preserved.
>
> …
>
> The Liquidating Trust and the Liquidating Trustee shall be deemed to have and be vested with the full authority and standing to continue, institute, prosecute, and defend such objections, matters, claims, actions, or Causes of Action which may or could have been commenced prior to the Effective Date or identified or brought subsequent thereto.

13. Shortly after the Effective Date of the Plan, the Trustee obtained the Debtors' bank records consisting principally of bank statements and has reviewed those documents in preparation of this Complaint. The Trustee also reviewed the Monthly Operating Reports filed by the Debtors during the bankruptcy and compared the Reports with the bank records as much as possible.

14. The Trustee also reviewed the Schedules and Statements of Financial Affairs ("**Schedules**") filed by each of the Debtors on May 26, 2021 and amended on June 15, 2021 in preparation of this Complaint.

15. Shortly after the Effective Date of the Plan, the Trustee also obtained the Debtors' files in the possession of Debtors' bankruptcy and litigation counsel and their Chief Restructuring Officer. The files contained very little with respect to the actual operations of the Debtors and the payments to creditors. The Trustee discovered that virtually all such

records were maintained by the Debtors' management company VitaNova Brands, LLC ("**VitaNova**").

16. The Trustee has been unable to obtain any meaningful discovery from VitaNova. After months of delay, VitaNova delivered to the Trustee a massive and unmanageable volume of documents (1.8 terabytes equating to 1.9 million megabytes equating to tens of millions of files).

17. After receiving the documents, the Trustee learned that VitaNova failed to keep separate, segregated records for the Debtor. Rather, it comingled the Debtors' records with those belonging to various non-Debtor related entities. VitaNova was unable to extract from that morass the records specifically relating to the Debtors, because VitaNova had completely failed to properly maintain those records so that they could be separately extracted. This has prevented the Trustee from researching operational and payment information regarding creditors.

18. In addition, during the bankruptcy case, VitaNova caused or permitted the Debtors to be shut out of their offices, and caused or permitted the Debtors' data servers — including important Debtor financial information — to be transferred from a server owned by the Debtors to the cloud, where it was beyond the control of the Debtors and the Estate. This has also prevented the Trustee from obtaining financial information regarding creditors.

19. The Trustee has performed reasonable due diligence under the circumstances of the Cases and to the extent possible has considered the Defendant's possible affirmative defenses to the allegations contained herein.

## THE TRANSFERS

20. The Defendant is a law firm. At the time of the Transfers (defined below), the Defendant was representing Debtor Fresh Acquisition, LLC in litigation brought by the Arthur N. Rupe Foundation, a creditor of the Debtors.

21. At no time did the Debtors seek Bankruptcy Court approval to employ Defendant as counsel.

22. The Debtors did not list the Defendant as a creditor in their schedules and statements. The Defendant has not filed a proof of claim in the case. The claims bar date of August 30, 2021 is now expired. [*See* Doc. No. 72].

23. The Defendant received the following transfers of money and/or property from the following Debtors within 90 days of the Petition Date:

a. $5,234.45 from Debtor Fresh Acquisitions, LLC on March 8, 2021; and

b. $31,016.70 from Debtor Fresh Acquisitions, LLC on April 12, 2021,

for a total of $36,251.15 (the foregoing transfers are referred to collectively as the "**Transfers**").

24. Upon information and belief, the Transfers represent payments for debts that arose prior to the date of the Transfers.

25. Based on its investigation of the Debtors' books and records and filings in the case including the Debtors' Petitions, Schedules, and Monthly Operating Reports, the Trustee does not believe the Defendant may successfully assert any affirmative defenses to avoidance of the Transfers.

26. On or about May 12, 2022, the Trustee sent a letter to Defendant informing Defendant of the nature of the Transfers and demanding the return of the Transfers. Defendant did not respond.

27. As evidenced by the Debtor's Schedules, each of the Debtors' liabilities far

exceeded its assets as of the Petition Date. The Debtors were therefore insolvent as of the Petition Date, and were insolvent during the 90 days prior to the Petition Date.

## CAUSES OF ACTION

**COUNT I: AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547**

28. The Trustee restates and realleges all factual allegations contained in the preceding paragraphs as if fully reproduced herein.

29. Each of the Transfers was a transfer of one of the Debtors of an interest in property to or for the benefit of the Defendant.

30. Each of the Transfers was for or on account of an antecedent debt of one or more of the Debtors owed before such transfer was made.

31. Each of the Transfers was made while the transferor Debtor was insolvent.

32. Each of the Transfers was made on or within 90 days before the Petition Date.

33. Each of the Transfers permitted the Defendant to receive more than it would receive if the Cases were Cases under chapter 7 of Title 11 of the U.S. Code, the transfer had not been made, and the Defendant had received payment of such debt to the extent provided by the provisions of Title 11.

34. Prior to filing this Complaint, the Trustee has performed reasonable due diligence in the circumstances of the Cases and taken into account the Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), and has determined that the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

35. Each of the Transfers is a preferential transfer avoidable under 11 U.S.C. § 547. The Trustee may recover the Transfers, or the value thereof, from the Defendant pursuant to 11 U.S.C. § 550(a).

**COUNT II: AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548**

36. The Trustee restates and realleges all factual allegations contained in the preceding paragraphs as if fully reproduced herein.

37. The Debtor who made the Transfers was insolvent at the time the Transfers were made.

38. The Debtor who made the Transfers received less than reasonably equivalent value for the Transfers.

39. At the time each of the Transfers was made, the Debtor who made the Transfers was engaged or about to be engaged in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

40. At the time each of the Transfers was made, the Debtor who made the Transfers intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

41. At all material times, there existed at least one credit of the Debtors holding an unsecured claim that is allowable under 11 U.S.C. § 502.

42. The Transfers constitute fraudulent transfers within the meaning of 11 U.S.C. §§ 544(a), 544(b) and 548, as well as applicable non-bankruptcy fraudulent transfer law, including without limitation the Uniform Fraudulent Transfer Act ("**UFTA**").

43. The Transfers are avoidable under 11 U.S.C. §§ 544(a), 544(b), and 548, as well as applicable non-bankruptcy fraudulent transfer law, including without limitation the UFTA.

44. The Trustee may recover the Transfers, or the value thereof, from the Defendant pursuant to 11 U.S.C. § 550(a).

**COUNT III: RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550**

45. The Trustee restates and realleges all factual allegations contained in the preceding paragraphs as if fully reproduced herein.

46. The Defendant is the initial transferee of the Transfers.

47. To the extent that the Transfers are avoided under 11 U.S.C. §§ 544, 547, and/or 548, the Trustee may recover the Transfers, or their value, from the Defendant for the benefit of the Estate.

48. The Trustee is entitled to a judgment against the Defendant in the amount of $36,251.15, the value of the avoidable Transfers.

**COUNT IV: DISALLOWANCE OF ALL CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

49. The Trustee restates and realleges all factual allegations contained in the preceding paragraphs as if fully reproduced herein.

50. The Defendant is an entity from which property is recoverable under 11 U.S.C. § 550, and a transferee of Transfers avoidable under 11 U.S.C. §§ 544, 547, and/or 548.

51. The Defendant has not filed a proof of claim in the case and the Debtors did not schedule the Defendant as a creditor. The claims bar date has now expired.

52. However, if and to the extent that the Defendant requests and the Court grants permission for the Defendant to file an untimely proof of claim, such claim should be disallowed pursuant to 11 U.S.C. § 502(d) until and unless the Defendant pays the amount or turns over the property for which the Defendant is liable under 11 U.S.C. § 550.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Trustee respectfully requests that judgment be entered in favor of the Trust and against Defendant, as follows:

A. Avoiding all Transfers under 11 U.S.C. § 547;

B. Avoiding all Fraudulent Transfers under 11 U.S.C. §§ 544 and 548;

C. Ordering the recovery by the Trustee from the Defendant of all avoided Transfers pursuant to 11 U.S.C. § 550 by Defendant's payment of a money judgment to Trustee in the total amount of $36,251.15;

D. Disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by the Defendant and/or its assigns until the Defendant satisfies the judgment;

E. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus fees, costs, and expenses; and

F. Granting the Trustee such other and further relief as the Court deems just and proper.

Dated: September 27, 2022.

Respectfully submitted,

*/s/ Carolyn J. Johnsen*
Carolyn J. Johnsen
Texas Bar No. 19844600
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue
Suite 1400
Phoenix, Arizona 85004
Telephone: (602) 285-5040
Facsimile: (844) 670-6009
cjjohnsen@dickinsonwright.com
*Attorneys for the Liquidating Trustee*

4884-0195-2052 v2 [74463-2]